UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MYRTHER LEE YOUNGER,

        Plaintiff,

  v.

Case No. 25-cv-1314-pp

LYFT,

        Defendant.

---

**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF SERVICE**

---

On January 27, 2026, the court issued an order noting that the plaintiff—who is representing herself—had not properly served the summons and complaint on the defendant within the time specified by the Federal Rules of Civil Procedure. Dkt. No. 5. The court explained that if a plaintiff does not serve the complaint within ninety days after it is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. at 3 (quoting Fed. R. Civ. P. 4(m)). The court stated:

> The court will give the plaintiff an extension of time to properly serve the defendant. The plaintiff must serve an officer or agent of the defendant with the summons and complaint in accordance with the Federal Rules of Civil Procedure. . . . Once the plaintiff has properly served the defendant, she must file proof of service with the court by [February 27, 2026]. If, by [February 27, 2026], the plaintiff does not file proof of service reflecting proper service on an officer or agent of the defendant, the court will dismiss this case without prejudice for lack of service under Federal Rule of Civil Procedure 4(m).

Id. at 3.

1

On February 13, 2026, the court received from the plaintiff a "process report" produced by the Milwaukee County Sheriff's Office. Dkt. No. 6. The "defendant address" reflected on the process report is 550 West Grange Avenue in Milwaukee, Wisconsin. Id. at 1. The document states that on February 3, 2026, a deputy sheriff attempted to serve the summons and complaint at that address, but was told "per management, they are not able to accept any [paperwork], information sheet given on how to serve [business] through corporate." Id. The deputy sheriff provided a signed affidavit averring that the defendant "cannot be found within[] this County." Id. at 2.

On December 8, 2025, the plaintiff previously had attempted to serve the defendant at the same Grange Avenue address. See Dkt. No. 4. In its January 27, 2026 order, the court advised the plaintiff that serving an individual at this address was not a proper method of service because there do not appear to be any officers or agents of the defendant at that location. See Dkt. No. 5 at 2-3. The court further advised the plaintiff that based on public records, the defendant has a registered agent for service of process in Madison, Wisconsin and a principal office in San Francisco, California. Id. at 2. The report provided by the Milwaukee County Sheriff's Office confirms that the defendant cannot be served at the Grange Avenue location. Yet the plaintiff did not file any proof that she attempted service on the defendant's registered agent despite the court's instructions (and despite being given information "on how to serve [business] through corporate" after the deputy sheriff's attempted service).

2

The plaintiff has not properly served the defendant despite being given an extension of time to do so. It has been over six months since the plaintiff filed the complaint (three months longer than the period specified in the rule) and the extended deadline the court provided has expired. As the court stated in its prior order, the court must dismiss this case without prejudice.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of proper service under Federal Rule of Civil Procedure 4(m). The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 5th day of March, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**